UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN MOCK,<br><br>        Plaintiff,<br><br>   v.<br><br>WAL-MART STORES, EAST, L.P., et al.,<br><br>        Defendants/Third<br>        Party Plaintiffs,<br><br>   v.<br><br>UNARCO INDUSTRIES, LLC, f/k/a UNARCO INDUSTRIES, INC.,<br><br>        Third Party<br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-5769<br>     (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

MCDONNELL & ASSOCIATES P.C.
John M. McConnell, Esq.
500 Route 70 West
Cherry Hill, NJ 08002
    Counsel for Defendant/Third Party Plaintiffs

GERMAN, GALLAGHER & MURTAGH
Tiffany J. Giangiulio
The Bellevue – Suite 500
200 S. Broad Street
Philadelphia, PA 19102-3814
    Counsel for Third Party Defendant

**Irenas**, Senior District Judge:

    This matter arises from Plaintiff Marilyn Mock's fall at a Wal-Mart store in New Jersey.  Mock alleges that Defendant/Third

1

Party Plaintiff Wal-Mart Stores, East, L.P. ("Wal-Mart") negligently maintained the premises such that she was caused to trip on a piece of metal. Wal-Mart has filed a Third Party Complaint against Unarco Industries, LLC ("Unarco"), which contains several counts including negligence, products liability, breach of warranty, and contractual and common law contribution and indemnification. Presently before the Court is Unarco's Motion Dismiss Wal-Mart's First Amended Third Party Complaint for failure to state claim for which relief can be granted under Federal Rule of Civil Procedure Rule 12(b)(6).[1] (Dkt. No. 25) For the following reasons, the Motion will be denied.

I.

For the purposes of this Motion, the Court accepts as true all facts as alleged in the First Amended Third Party Complaint. On August 14, 2010, Plaintiff Marilyn Mock entered a Wal-Mart Store located at 2000 Clements Bridge Road, Deptford, New Jersey. As Mock was going to get a shopping cart, she tripped over a piece of wire or metal substance. As a result, she lost her balance and sustained injuries, including left ankle synovitis and an anterior talofibular ligament tear. Mock filed

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

a complaint for negligence against Wal-Mart on August 17, 2011 in Camden County Superior Court. Wal-Mart removed the action to this Court on October 4, 2011 and filed an Answer denying all allegations in the Complaint. (Dkt. No. 3)

On August 14, 2012, Wal-Mart filed a Third Party Complaint against Unarco Industries, LLC. (Dkt. No. 16). Unarco moved to dismiss that Complaint on September 11, 2012. (Dkt. No. 22) In response, Wal-Mart filed a First Amended Third Party Complaint on September 26, 2012. (Dkt. No. 23)

In its First Amended Third Party Complaint, Wal-Mart alleges that it entered into a Realty Supplier Agreement ("Agreement") with Unarco on January 29, 2008. (Unarco's Ex. B) The Agreement contained an indemnification provision, under which Unarco agreed to indemnify Wal-Mart for "all Damages . . . which arise out of or relate to [the] Agreement for the negligent act or omission, willful misconduct, other fault of any nature of [Unarco]." (Agreement § 16) Wal-Mart alleges that under the terms of this Agreement, Unarco provided Wal-Mart with the shopping carts used at Wal-Mart's Deptford store. (First Am. Third Party Compl. ¶ 12) Wal-Mart further alleges that Mock has identified the piece of metal on which she tripped "as being a piece of metal that was typically attached to the shopping carts that were in use at Wal-Mart on August 14, 2010." (*Id.* ¶ 14) Wal-Mart brings claims against Unarco for

3

negligence, products liability, breach of warranty, and contractual and common law contribution and indemnification.

On October 16, 2012, Unarco filed the instant Motion to Dismiss Wal-Mart's First Amended Third Party Complaint.[2]  (Dkt. No. 25)

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*,

---

[2] Plaintiff has filed no papers regarding this Motion.

4

515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Unarco makes several arguments as to why Wal-Mart's Third Party Complaint should be dismissed. The Court addresses these arguments in turn.

### A.

Unarco first argues that Wal-Mart's claims for negligence, strict liability, and breach of warranty—Counts I through III of the First Amended Third Party Complaint—are improper under

5

Federal Rule of Civil Procedure 14(a) because Wal-Mart has not alleged any direct injury but rather brings claims that Unarco is liable to the plaintiff.  Rule 14(a)(1) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1). "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant."  *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting Charles A. Wright, et al., 6 *Federal Practice and Procedure* § 1446, at 355-58 (1990)).

Unarco challenges Counts I, II, and III of Wal-Mart's Third Party Complaint on the grounds that these counts are improper under Rule 14.  Count I of the Third Party Complaint states:

> If Plaintiff sustained injuries and damages as alleged in the Complaint, which allegations are herein expressly denied, then said injuries and damages were a direct and proximate result of the negligence of Unarco and were caused in no manner whatsoever by Wal-Mart.  In the even Plaintiff receives . . . any payment related to this matter, Wal-Mart asserts that Unarco is jointly and severally liable to Wal-Mart and/or liable over to Wal-Mart by way of contractual contribution and/or indemnification.

(First Am. Third Party Compl. ¶ 17)  Counts II and III contain nearly identical language regarding the products liability and breach of warranty claims.  (*Id.* ¶¶ 23, 27)

6

Contrary to Unarco's assertions, these Counts are classic derivative liability claims.  Wal-Mart has alleged that Plaintiff tripped over a piece of metal that dislodged from a shopping cart that Unarco manufactured.  (*Id.* ¶ 14)  If the piece of metal did detach from one of Unarco's shopping carts, that fact would not necessarily be a defense to Wal-Mart's liability.  However, Wal-Mart might be entitled to contribution (under the New Jersey Joint Tortfeasors Contribution Law, N.J. Stat. Ann. §§ 2A:53A-1 to -5) or indemnification (under the Agreement) from Unarco.  Accordingly, the Court will deny Unarco's motion with respect to Counts I through III.

**B.**

Unarco next argues that Count IV of Wal-Mart's First Amended Third Party Complaint, which alleges that Unarco is liable to Wal-Mart through contractual contribution and indemnity, should be dismissed because Unarco is not required to indemnify Wal-Mart for Wal-Mart's own misconduct.

The Agreement between Unarco and Wal-Mart states that the Agreement "and any and all disputes arising thereunder or relating thereto, whether sounding in contract or tort, shall be governed by and construed in accordance with the laws of the State of Arkansas without regard to the internal law of Arkansas regarding conflicts of law."  (Agreement § 10, Unarco's Ex. B)

7

Further, both parties agree that Arkansas law governs the interpretation of the Agreement. Accordingly, the Court will apply Arkansas law to determine whether the indemnity and contribution clauses of the Agreement provide a valid basis for Count IV of Wal-Mart's First Amended Third Party Complaint.

Under Arkansas law, "[a] contract of indemnity is to be construed in accordance with the general rules of construction of contracts." *Ray & Sons Masonry Contractors v. United States Fidelity & Guar. Co.*, 114 S.W.3d 189, 195 (Ark. 2003). "If there is no ambiguity in the language of the indemnification provision, then there is no need to resort to rules of construction." *Chevron U.S.A., Inc. v. Murphy Exploration & Prod. Co.*, 151 S.W.3d 306, 330 (Ark. 2004).

The Agreement reads as follows:

> Supplier [Unarco] agrees to and shall defend, indemnify and hold harmless Purchaser [Wal-Mart] . . . from and against all Damages, whether such matters are groundless, fraudulent or false, which arise out of or relate to this Agreement for the negligent act or omission, willful misconduct, other fault of any nature of Supplier . . . .

(Supplier Agreement § 16)  This language makes clear that Unarco is obligated to indemnify Wal-Mart only for damages that occur as a result of Unarco's own negligence.  Here, Wal-Mart argues that it is entitled to contractual indemnity because any injury to Plaintiff was caused by an allegedly defective shopping cart that Unarco supplied.  The dislodged piece of metal on which

8

Plaintiff allegedly tripped directly implicates negligence on Unarco's part, and any damages resulting from this suit would be squarely within the Agreement's indemnification provision. Thus, Unarco's motion to dismiss Count IV will be denied.

### C.

Unarco next seeks to dismiss Count V of the First Amended Third Party Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  In this Count, Wal-Mart alleges that it is entitled to common law contribution and indemnification.[3]  Unarco argues that Wal-Mart does not plead any facts to support its claim and instead has simply recited the elements of its claim.

> Count V of the First Amended Third Party Complaint states,
>
> If Plaintiff sustained injuries and damages as alleged in the Amended Complaint, . . . then said injuries and damages were caused because Unarco failed to provide Wal-Mart with shopping carts that were in good and undamaged condition and/or because Unarco failed to provide Wal-Mart with shopping carts that were fit and safe for the purposes for which they were intended to be used, and were caused in no manner whatsoever by Wal-Mart. . . . If Plaintiff sustained injuries and damages as alleged in the Amended

---

[3] The Court notes that while New Jersey recognizes common law indemnification, *see, e.g.*, *Cartel Capital Corp. v. Fireco of N.J.*, 410 A.2d 674,683 (N.J. 1980), there is no common law contribution right of action under New Jersey law.  Instead, claims for contribution must be brought under the New Jersey Joint Tortfeasors Contribution Law, N.J. Stat. Ann. §§ 2A:53A-1 to -5.  *See Mayor of Rockaway v. Klockner & Klockner*, 811 F. Supp. 1039, 1061 (D.N.J. 1993).  Unarco has not raised this objection, and in any event, the claim as stated provides fair notice of Wal-Mart's intent to seek contribution.  *See id.*  As such, the Court will construe Wal-Mart's contribution claim as falling under the Contribution Law.

> Complaint . . . , then said injuries and damages were caused by the actions, omissions, negligence, carelessness and other liability-producing conduct on the part of Unarco . . . .

(First Am. Third Party Compl. ¶¶ 37-38)  Further, Count V incorporates the previous allegations in the First Amended Third Party Complaint, which includes a claim that Plaintiff tripped on a piece of metal that was dislodged from a shopping cart. (*Id.* ¶¶ 13-14)  Wal-Mart also alleges that Unarco supplied the shopping carts in use at the Deptford store.  (*Id.* ¶ 12)  These pleadings are sufficient to sustain Wal-Mart's contribution claim.  Unarco's motion to dismiss Count V will be denied accordingly.

### IV.

For the reasons listed above, Unarco's motion to dismiss will be denied.  An appropriate Order accompanies this Opinion.

Date: April 19, 2013

/s/ Joseph E. Irenas            
**Joseph E. Irenas, S.U.S.D.J.**