UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARILYN MOCK,

       Plaintiff,

   v.

WAL-MART STORES, EAST, L.P., et
al.,

       Defendants/Third
       Party Plaintiffs,

   v.

UNARCO INDUSTRIES, LLC, f/k/a
UNARCO INDUSTRIES, INC.,

       Third Party
       Defendant.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 11-5769
      (JEI/KMW)

**OPINION**

**APPEARANCES:**

MCDONNELL & ASSOCIATES P.C.
John M. McConnell, Esq.
500 Route 70 West
Cherry Hill, NJ 08002
    Counsel for Defendants/Third Party Plaintiffs

MCDONNELL & ASSOCIATES P.C.
Patrick J. McConnell, Esq.
Metropolitan Business Center
860 First Avenue - Suite 5B
King of Prussia, PA 19406
    Counsel for Defendants/Third Party Plaintiffs

GERMAN, GALLAGHER & MURTAGH
Tiffany J. Giangiulio, Esq.
The Bellevue - Suite 500
200 S. Broad Street
Philadelphia, PA 19102-3814
    Counsel for Third Party Defendant

**Irenas**, Senior District Judge:

This matter arises from Plaintiff Marilyn Mock's fall at a Wal-Mart store in Deptford, New Jersey.[1]  Plaintiff alleges that Defendant/Third Party Plaintiff Wal-Mart Stores East, L.P. ("Wal-Mart") negligently maintained the premises, thereby causing her to trip on an unidentified, and since discarded, piece of debris.  In response, Wal-Mart filed a Third Party Complaint against its shopping cart supplier, Unarco Industries, LLC ("Unarco"), alleging negligence, products liability, breach of warranty, and contractual and common law contribution and indemnification.

Presently before the Court is Unarco's motion for summary judgment on Wal-Mart's claims.  Unarco argues it is entitled to such relief because Wal-Mart engaged in spoliation of the evidence when its employee discarded the debris that caused Plaintiff's injury.  For the following reasons, the motion will be denied.


**I.**

On August 14, 2010, Plaintiff stepped on "a sharp, metal object" near the shopping cart section of a Wal-Mart store in Deptford, New Jersey.  (Third-Party Def.'s Statement of Material

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

2

Facts at ¶¶ 1-3).  Plaintiff cried out in pain, catching the attention of Brian Wright ("Wright"), a Wal-Mart Courtesy Associate and cart-handler.  (*Id.*, Ex. F at 22).  When Wright checked to see if Plaintiff was injured, she left the scene of the accident and continued to walk throughout the store.  (*Id.*, Ex. F at 24-31).

Because Plaintiff immediately continued shopping, Wright did not believe her injury to be serious.  (*Id.*)  Consequently, he discarded the object on which Plaintiff stepped.  Plaintiff's ankle subsequently swelled to thirty percent more than its normal dimensions.  (*Id.* Ex. B at 93).  She filed an incident report with Wal-Mart hours after the fall.

Plaintiff filed an action for negligence against Wal-Mart soon thereafter.  (See Compl.)  Wal-Mart consequently filed a Third-Party Complaint against Unarco for negligence, products liability, breach of warranty, and common law and contractual contribution and indemnification,.  (Third Party Def.'s Statement of Material Facts at ¶¶ 11, 13-14).  Wal-Mart alleges the "sharp metal object" was part of a shopping cart supplied by Unarco and Plaintiff's injuries were caused by Unarco's negligent conduct.  (*Id.* at ¶¶ 13-14).[2]

---

[2] Wal-Mart adds that "Plaintiff has identified the piece [of debris] that she stepped on as being a piece of metal that was typically attached to the shopping carts that were in use at

Unarco now moves for summary judgment based on Wright's throwing out of the metal object. (*See* Third Party Def's Mot. Summ. J.). Unarco argues that Wright's conduct amounts to spoliation, and that the Court should either (1) rule in favor of Unarco's summary judgment motion and dismiss all of Wal-Mart's claims; or (2) dismiss Wal-Mart's claim for contractual contribution or indemnification ("Count IV") and impose an adverse jury instruction regarding the lost bumper piece. (*Id.* at 5).

Because Unarco has failed to meet its burden proving spoliation occurred, its motion will be denied.

## II.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

---

Wal-Mart on August 14, 2010." (Def's Counterstatement Disputed Material Facts at ¶ 6 (internal quotations omitted)).

### III.

Spoliation is defined as the destruction or significant alteration of evidence, either during or prior to reasonably foreseeable litigation. *Bensel v. Allied Pilots Ass'n*, 263 F.R.D. 150, 152 (D.N.J. 2009) (citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).

To determine whether spoliation has occurred, a court must find four essential factors: (1) the evidence was in the party's control; (2) the evidence is relevant to claims or defenses in the instant case; (3) there has been actual suppression or withholding of evidence; and (4) the party in control of the evidence could have reasonably foreseen the evidence to be discoverable. *Bull v. United Parcel Service, Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). The party who seeks a spoliation sanction bears the burden of proving these factors. *McCann v. Kennedy Univ. Hosp.*, Civ. No. 12-1535, 2013 WL 282396, at *4 (D.N.J. Jan. 24, 2014).

With regards to the third factor, actual suppression or withholding of the evidence, the Third Circuit has clarified that a court must determine that the relevant actor suppressed or withheld the evidence in bad faith. *Bull*, 665 F.3d at 79; *see also Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) ("No unfavorable inference arises when the circumstances indicate that the document or article in question

5

has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for."); 29 Am. Jur. 2d Evidence § 177 ("Such a presumption or inference arises, however, only when the spoliation or destruction was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.").

In the instant matter, Unarco has failed to prove that Wal-Mart acted in bad faith.

Unarco has put forward absolutely no affirmative evidence that any employee of Wal-Mart sought to destroy relevant evidence or suppress the truth.

Furthermore, the evidence does not call for a reasonable inference of bad faith. Wal-Mart employee Wright testified that he believed Plaintiff was not seriously injured because she continued to shop throughout the store after the incident occurred. And Plaintiff did not notify Wal-Mart of the seriousness of her injury until she filed an incident report, after the debris was already discarded.

Consequently, Unarco has not proved that Wal-Mart acted in bad faith by throwing out the metal object.

6

## IV.

For the reasons stated above, Unarco's motion for summary judgment will be denied.  An appropriate Order accompanies this Opinion.

April_____, 2014

_____

Joseph E. Irenas, S.U.S.D.J.

7